BERNARD BARTON and JOAN E. BARTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barton v. Commissioner
Docket No. 15032-79.
United States Tax Court
T.C. Memo 1981-380; 1981 Tax Ct. Memo LEXIS 366; 42 T.C.M. (CCH) 477; T.C.M. (RIA) 81380; July 27, 1981
Bernard Barton, pro se. Alan B. Horn, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction for the reason that the petition herein was not filed within the requisite 90-day period. FINDINGS OF FACT The exhibits in this case are incorporated herein by reference. Respondent issued a statutory notice of deficiency to petitioners for the taxable year 1977 on July 19, 1979. The 90-day period for timely filing a petition with this Court expired on Wednesday, *367 October 17, 1979, which was not a legal holiday in the District of Columbia. Petitioners mailed their petition on October 19, 1979, 92 days after the notice of deficiency was mailed. The petition was filed with the Tax Court on October 23, 1979, 96 days after the mailing of the notice of deficiency. OPINION The petition in this case was neither timely filed within the 90-day period prescribed by section 6213(a), [1] nor timely mailed so as to be treated as timely filed as provided for by section 7502 and the relevant regulations thereunder. In the absence of a timely filed petition, this Court has no jurisdiction and the case must be dismissed. . In an effort to demonstrate extenuating circumstances, petitioner testified that he attempted to mail a signed petition approximately two weeks before the expiration of the 90-day period, October 17, 1979. Petitioner stated that he affixed the proper amount of postage to the envelope and then placed *368 it in the appropriate slot for out of town mail. Petitioner further testified that about two weeks later he noticed a pink slip in his post office box which said "package too large fox box." Upon presenting this to a post office clerk, petitioner was then given the envelope which contained his original petition and which bore a notation "Return for Postage;" there were no stamps on it. Petitioner stated that on the next day he either retyped or xeroxed the last page of the original petition, and signed, dated and mailed it. Petitioner indicated that he had intended to introduce into evidence the original envelope which contained the "Return for Postage" notation, but he maintained that his apartment was broken into and the envelope was stolen. We were not persuaded by petitioner's testimony in this regard and consequently our findings do not contain this account. In any event, it is highly dubious whether such extenuating circumstances would have been beneficial to petitioner's cause in the absence of proof of an initial timely mailing (in the form of a United States postmark as section 7502 requires). See . Accordingly, *369 respondent's motion to dismiss for lack of jurisdiction must be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specifically indicated.↩